# Exhibit "G"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| BRYAN JALLO, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:14-cv-00449 |
| | ) | Judge Amos L. Mazzant |
| RESURGENT CAPITAL SERVICES, L.P. | ) | |
| and LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

**SUPPLEMENTAL RESPONSES OF RESURGENT CAPITAL SERVICES, L.P. TO
PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Resurgent Capital Services, L.P. ("Resurgent") hereby supplements its responses to Plaintiff's Initial Request for Production as follows:

**GENERAL OBJECTIONS**

1.      Resurgent objects to each request to the extent it seeks the disclosure of information or documents protected from discovery under the attorney-client privilege, joint-defense privilege, the work-product doctrine or other applicable statute, regulation, privilege, rule or duty of confidentiality, any one of which precludes or limits production or disclosure of information or documents.  In making these responses and furnishing information and documents in response to each request, Resurgent reserves all claims of privilege or other immunity from response.

2.      Resurgent objects to each request to the extent that it calls for information and documents that are not in Resurgent's possession, custody or control.

3.     Resurgent responds to these requests after making a good-faith inquiry into all of the requested information and documents and believes the disclosed information and documents are true and correct at this time.   These responses are based only upon such information and documents as are presently known by or available to Resurgent.   Resurgent's investigation into the subject matter of these requests, however, is continuing and further discovery, investigation or trial preparation may reveal information and documents not presently known to Resurgent. Therefore, the following responses and objections are given without prejudice to Resurgent's right to provide or introduce at trial or any other proceeding evidence of any subsequently discovered facts, information or documents.

4.     Moreover, these responses are subject to supplementation as Resurgent continues its discovery, investigation, and defense of this case.   Resurgent understands its obligation under Rule 26(e) of the Federal Rules of Civil Procedure to supplement these responses when appropriate.   Resurgent expressly reserves the right to supplement these responses with additional information and documents as they become available to it in the course of this case.

5.     To the extent that Resurgent responds to specific requests to which it has objected, Resurgent reserves the right to maintain such objections with respect to any additional information and documents and such objections are not waived by the furnishing of such information and documents.

6.     Resurgent objects to each request to the extent it seeks the disclosure of information or documents that include that information, which may contain or constitute proprietary or non-public information of the type that must be protected from disclosure.

7.      Resurgent objects to the requests to the extent they seek information or documents that are electronically stored and are considered "not reasonably accessible" under Federal Rules of Civil Procedure 26(b)(2)(B).

8.      Resurgent objects to definitions and instructions that are inconsistent with or impose greater obligations than the Federal Rules of Civil Procedure or Local Rules.

9.      Resurgent objects to Plaintiff's definitions for "PERSON," "DEFENDANT," "YOU," "YOUR," and "EMPLOYEE" to the extent that Plaintiff intends such definitions to include Resurgent's attorneys.

Resurgent hereby incorporates each of the foregoing general objections into these responses set forth below as though fully set forth therein.

## SPECIFIC RESPONSES

Subject to and without waiving any of its foregoing general objections, Resurgent provides the following further objections and responses to the requests:

**Request No. 1**:

Documents that Defendant referenced, or consulted, in preparing its responses to these requests.

**Response**:

Subject to and without waiving its general objections, Resurgent responds to this request as follows:

Resurgent will produce any non-privileged documents in its possession, custody or control responsive to this request.

**Request No. 2**:

Documents that relate to the subject debt that Defendant attempted to collect from Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the phrase "subject debt" is vague and ambiguous.  For its response, Resurgent assumes that the "subject debt" refers to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent further objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that collect, or attempt to collect, debts.  However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, if any, relating to that certain account ending in \*\*\*\* \*\*\*\* \*\*\*\* 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.

**Request No. 3**:

Recordings, copies, transcriptions, or productions, in any medium, of communications, or attempted communications, between Defendant and Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this request as duplicative of Request No. 2. Resurgent further objects to this request on the grounds that the phrase "subject debt" is vague and ambiguous. For its response, Resurgent assumes that the "subject debt" refers to that certain account ending in \*\*\*\* \*\*\*\* \*\*\*\* 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. Resurgent further objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that collect, or attempt to collect, debts. However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in \*\*\*\* \*\*\*\* \*\*\*\* 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. Resurgent did not. As such, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in \*\*\*\* \*\*\*\* \*\*\*\* 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, if any, relating to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.

**Request No. 4**:

Recordings, copies, transcriptions, or productions, in any medium, of communications, or attempted communications, between Defendant and any third party, regarding Defendant's efforts to collect the subject debt from Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the phrase "subject debt" is vague and ambiguous.  For its response, Resurgent assumes that the "subject debt" refers to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent further objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that collect, or attempt to collect, debts.  However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, if any, relating to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.

**Request No. 5**:

Account records, logs, and notes, that reflect Defendant's efforts to collect the subject debt from Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the phrase "subject debt" is vague and ambiguous.  For its response, Resurgent assumes that the "subject debt" refers to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent further objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that collect, or attempt to collect, debts.  However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, if any, relating to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.

**Request No. 6**:

Manuals, instruction booklets, guides, product brochures, and other documents sufficient to identify, explain, and illustrate the software, hardware, and equipment that Defendant uses, and used, to communicate with, or attempt to communicate with, Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this Request on the grounds that it is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Because the definition of "SOFTWARE" includes "all software, software applications, software packages, software systems, and software programs," this request would require Resurgent to produce (to the extent it retains copies) manuals and brochures regarding the computer's operating system (i.e., Windows, Mac, Linux); manuals and brochures regarding the software used to draft any communication; and manuals and brochures regarding the printing software used to print any communication.  Because the definition of

"HARDWARE" includes "all hardware, computer systems, and other electronic devices," this request would require Resurgent to produce (to the extent it retains copies) manuals and brochures regarding each individual computer, keyboard, monitor, mouse, printer, and server involved in any communications with Plaintiff.  The term "EQUIPMENT," while not defined, is presumably even broader in scope than "HARDWARE."   Resurgent further objects to this request on the grounds that the phrase "illustrate the software, hardware, and equipment" is vague and ambiguous.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent utilizes proprietary software, which it developed, and a custom database, which it owns.  As such, Resurgent does not have documents responsive to this request.

**Request No. 7**:

Manuals, instruction booklets, guides, product brochures, and other documents that reference the software, hardware, and equipment that Defendant uses, and used, to record and memorialize its communications, or attempted communications, with Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that it is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Because the definition of "SOFTWARE" includes "all software, software applications, software packages, software systems, and software programs," this request would require Resurgent to produce (to the extent it retains copies) manuals and brochures regarding the computer's operating system (i.e., Windows, Mac, Linux); manuals and brochures regarding the software used to draft any communication; and manuals and brochures

regarding the printing software used to print any communication.   Because the definition of "HARDWARE" includes "all hardware, computer systems, and other electronic devices," this request would require Resurgent to produce (to the extent it retains copies) manuals and brochures regarding each individual computer, keyboard, monitor, mouse, printer, and server involved in any communications with Plaintiff. The term "EQUIPMENT," while not defined, is presumably even broader in scope than "HARDWARE."   Resurgent further objects to this request on the grounds that the phrase "illustrate the software, hardware, and equipment" is vague and ambiguous.   Resurgent further objects to this request as overly broad and unduly burdensome on the grounds that it seeks all documents "referencing the software, hardware, and equipment."

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent utilizes proprietary software, which it developed, and a custom database, which it owns.  As such, Resurgent does not have documents responsive to this request.

**Request No. 8**:

Documents that discuss, describe, set forth, reference, or otherwise relate to Defendant's (or LVNV Funding, LLC's) standards, criteria, guidelines, policies, procedures, or practices regarding the methods and manners in which it adds interest and fees to consumer debts that it attempts to collect.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that

collect, or attempt to collect, debts.   However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent does not have documents responsive to this request.

**Request No. 9**:

Documents relating to any policies, practices, and procedures adopted, articulated, or used by Defendant in an effort to avoid violations of Sections 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) of the Fair Debt Collection Practices Act, as well as Section 392.202 of the Texas Finance Code.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that collect, or attempt to collect, debts.   However, this request assumes a fact not in evidence,

namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent will disclose a PowerPoint presentation it provides as training on FDCPA compliance, without waiving its objections, subject to an Agreed Protective Order.

**Request No. 10**:

Any present and past contracts or agreements between Defendant and the creditor originating or owning the subject debt that Defendant attempted to collect from Plaintiff, that relate to the debt that Defendant attempted to collect from Plaintiff.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the phrase "subject debt" is vague and ambiguous.  For its response, Resurgent assumes that the "subject debt" refers to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent further objects to this request on the grounds that 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and

Tex. Fin. Code Ann. §§ 392.202(a), (b), as alleged in the Complaint, apply to parties that collect, or attempt to collect, debts.  However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further responds as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, if any, relating to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A..

**Request No. 11**:

Documents that Defendant obtained HSBC Bank USA, N.A., HSBC Bank Nevada, N.A., HSBC Private Label Acquisition Corporation, and LVNV Funding, LLC, regarding the subject debt.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the phrase "Documents that Defendant obtained HSBC BANK USA, N.A. . . . ." is vague and ambiguous.  For its response, Resurgent assumes that this request seeks documents provided to

Resurgent by the listed entities.  Resurgent further objects to this request on the grounds that the phrase "subject debt" is vague and ambiguous.  For its response, Resurgent assumes that the "subject debt" refers to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. at issue in the above-referenced action.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, if any, relating to that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.

**Request No. 12**:

Documents sufficient to identify the legal and/or corporate relationship between Defendant and LVNV Funding, LLC

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent answers this request as follows:

Resurgent will produce non-privileged documents in its possession, custody or control, responsive to this request.

In addition, Resurgent refers Plaintiff to the Certificates of Corporate Interest of Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC filed of record which reflect information required by Rule 7.1(a) reflects the "financial interest" standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges.

**Request No. 13**:

An organizational chart illustrating Defendant's managerial, directorial, administrative, and/or clerical structure.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that it is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent answers this request as follows:

Resurgent does not have documents responsive to this request.

**Request No. 14**:

Documents sufficient to identify all entities with which Defendant is affiliated *(e.g., through common ownership, financial interest, overlapping officers or managers, or common facilities or employees)*.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that it is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent answers this request as follows:

Resurgent refers Plaintiff to the Privacy Notice, *e.g.*, located at RCS_0000017.

**Request No. 15**:

Documents sufficient to identify all aspects of Defendant's business, commercial, and professional dealings that relate to the collection of consumer debts.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the terms "aspects" and "dealings" are vague and ambiguous.  Resurgent further objects to this request on the grounds that it assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not.  As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent answers this request as follows:

Resurgent refers Plaintiff to its website publicly available at https://www.resurgent.com/.

**Request No. 16**:

A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents that Defendant produces in connection with these requests.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that the term "non-obvious" is vague and ambiguous.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent does not have documents responsive to this request.

**Request No. 17**:

Documents sufficient to identify number of persons that fall within each class definition found at paragraph at paragraph 34 of Plaintiff's July 8, 2014 class action complaint.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that Plaintiff alleges that Resurgent violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), which apply to parties that collect, or attempt to collect, debts, and the proposed classes of persons defined in paragraph 34 of the Complaint include persons from whom Resurgent collected and/or attempted to collect debts.   However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  Resurgent did not. This request also assumes that Resurgent sent a "debt collection communication" to Plaintiff.  It did not.  As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Resurgent further objects to this request on the grounds that "initial debt collection communication" is ambiguous.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further answers as follows:

First, Plaintiff alleges classes of persons whose accounts, owned by LVNV, involve: (1) addition of interest to a debt "for a period of time during which a preceding creditor or debt collector did not add interest to the subject debt;" (2) a communication asserting that "interest was accruing, or could accrue, on a particular debt, despite that interest was not accruing, nor could it accrue, on the particular debt;" (3) "report[ing] to a credit reporting bureau" a debt "where the amount of the alleged debt reported differed from the actual amount of the debt;" (4) "an initial debt collection communication . . . on behalf of LVNV . . . that failed to state: (a) whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (b) the effective date as of which an amount would suffice to pay off the subject debt in full, or (c) the date as of which any unpaid accrued interest was calculated, or (d) the applicable interest rate;" (5) "an initial debt collection communication . . . on behalf of LVNV:" (a) where "LVNV or Resurgent received a dispute or request for verification regarding the subject debt within thirty days of the initial communication" and (b) "LVNV or Resurgent continued to attempt to collect without obtaining and sending verification of the subject debt to the respective consumer;" or (6) an account where a person "disputed the accuracy of a debt . . . after LVNV or Resurgent reported [a] debt to a credit bureau . . . in connection with whose debt LVNV or Resurgent did not within thirty days after the notice of inaccuracy cease its collection activities until it sent the consumer a written statement [regarding its accuracy]." However, those proposed classes of persons are improper because Plaintiff is not a member of any such classes. "As [the Supreme Court] has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the

same injury' as the class members." *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). As such, the proposed classes of persons are due to be dismissed.

Second, Resurgent does not maintain records sufficient to provide information required to respond to this request. Resurgent's records are not organized in a manner that permits Resurgent to determine which accounts are within the proposed classes of persons.

**Request No. 18**:

Documents sufficient to identify the number of persons located in Texas from whom Defendant attempted to collect a debt (from July 8, 2013 through July 8, 2014)—the total amount of which included interest added to the balance that the original creditor charged off.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that Plaintiff alleges that Resurgent violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), which apply to parties that collect, or attempt to collect, debts. However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. Resurgent did not. As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. It placed Plaintiff's account with collection agencies or

law firms.  Further, whether an entity "charged off" a debt for financial reporting purposes does not mean that the account has stopped accruing interest or cannot accrue interest.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further answers as follows:

First, Plaintiff alleges a class of persons "located in Texas from whom Defendant attempted to collect a debt (from July 8, 2013 through July 8, 2014)—the total amount of which included interest added to the balance that the original creditor charged off."  However, that proposed class of persons is improper because Plaintiff is not a member of that class.  "As [the Supreme Court] has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  As such, the proposed classes of persons are due to be dismissed.

Second, Resurgent does not maintain records sufficient to provide information required to respond to this request.  Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons.

**Request No. 19**:

Documents sufficient to identify the number of persons located in Texas from whom Defendant attempted to collect a debt (from July 8, 2013 through July 8, 2014)—the total amount of which included interest that Defendant, or the entity on whose behalf Defendant was attempting to collect the debt, added to the debt for a period of time during which a previous creditor did not add interest to the debt.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that Plaintiff alleges that Resurgent violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), which apply to parties that collect, or attempt to collect, debts. However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. Resurgent did not. As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further answers as follows:

First, Plaintiff alleges a class of "persons located in Texas from whom Defendant attempted to collect a debt (from July 8, 2013 through July 8, 2014)—the total amount of which included interest that Defendant, or the entity on whose behalf Defendant was attempting to collect the debt, added to the debt for a period of time during which a previous creditor did not add interest to the debt." However, that proposed class of persons is improper because Plaintiff is not a member of that class. "As [the Supreme Court] has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury'

as the class members." *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  As such, the proposed classes of persons are due to be dismissed.

Second, Resurgent does not maintain records sufficient to provide information required to respond to this request.  Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons.

**Request No. 20**:

Documents sufficient to identify the number of persons located in Texas from whom Defendant attempted to collect a debt (from July 8, 2013 through July 8, 2014)—the total amount of which included interest that Defendant, or the entity on whose behalf Defendant was attempting to collect the debt, added to the debt for a period of time that a previous debt collector did not attempt to collect interest on the debt.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that Plaintiff alleges that Resurgent violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), which apply to parties that collect, or attempt to collect, debts.  However, this request assumes a fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. Resurgent did not.  As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.  It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further answers as follows:

First, Plaintiff alleges a class of "persons located in Texas from whom Defendant attempted to collect a debt (from July 8, 2013 through July 8, 2014)—the total amount of which included interest that Defendant, or the entity on whose behalf Defendant was attempting to collect the debt, added to the debt for a period of time that a previous debt collector did not attempt to collect interest on the debt."  However, that proposed class of persons is improper because Plaintiff is not a member of that class.  "As [the Supreme Court] has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."  *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  As such, the proposed classes of persons are due to be dismissed.

Second, Resurgent does not maintain records sufficient to provide information required to respond to this request.  Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons.

**Request No. 21**:

Documents sufficient to identify the number of persons located in Texas whose alleged debt Defendant reported to a credit reporting bureau (from July 8, 2013 through July 8, 2014).

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that Plaintiff alleges that Resurgent violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8),

1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), which apply to parties that collect, or attempt to collect, debts. As such, reporting to consumer reporting agencies is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further answers as follows:

**Request No. 22**:

Documents sufficient to identify the number of persons located in Texas to whom Defendant sent an initial debt collection communication (from July 8, 2013 through July 8, 2014) that failed to state (a) whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (b) the effective date as of which an amount would suffice to pay off the subject debt in full, or (c) the date as of which any unpaid accrued interest was calculated, or (d) the applicable interest rate.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that Plaintiff alleges that Resurgent violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), 1692g(a)(1), and 1692g(b) and Tex. Fin. Code Ann. §§ 392.202(a), (b), which apply to parties that collect, or attempt to collect, debts. However, this request assumes a

fact not in evidence, namely that Resurgent collected, or attempted to collect, that certain account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A. Resurgent did not.   This interrogatory also assumes that Resurgent sent a "debt collection communication" to Plaintiff.   It did not.   As such, this request is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Resurgent further objects to this request on the grounds that "initial debt collection communication" is ambiguous.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

Resurgent did not collect Plaintiff's account ending in **** **** **** 1812 that Plaintiff opened with HSBC Bank Nevada, N.A.   It placed Plaintiff's account with collection agencies or law firms.

If Resurgent's conduct is held to constitute an attempt to collect a debt, then Resurgent further answers as follows:

First, Plaintiff alleges a class of "persons located in Texas to whom Defendant sent an initial debt collection communication (from July 8, 2013 through July 8, 2014) that failed to state (a) whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (b) the effective date as of which an amount would suffice to pay off the subject debt in full, or (c) the date as of which any unpaid accrued interest was calculated, or (d) the applicable interest rate."   However, that proposed class of persons is improper because Plaintiff is not a member of that class.   "As [the Supreme Court] has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight*

*Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).  As such, the proposed classes of persons are due to be dismissed.

Second, Resurgent does not maintain records sufficient to provide information required to respond to this request.  Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons.

**Request No. 23**:

Documents sufficient to identify Defendant's net worth.

**Response**:

In addition to its general objections, Resurgent objects to this request on the grounds that it is premature and seeks confidential, private and/or trade secret information without any protective order in place.  Resurgent further objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence unless and until Plaintiff's action is certified as a class action and Resurgent is found liable for an FDCPA violation as alleged.  Plaintiff has not obtained any adjudication whether Resurgent violated the FDCPA.

Subject to and without waiving its general and specific objections, Resurgent responds to this request as follows:

This request is premature.

Respectfully submitted,

Derek W. Edwards (TN BPR No. 021455)
Todd R. Hambidge (TN BPR No. 028671)
(admitted *pro hac vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Telephone:      (615) 244-6380
Facsimile:      (615) 244-6804
Email:          derek.edwards@wallerlaw.com
                todd.hambidge@wallerlaw.com

*Attorneys for Defendants Resurgent Capital
Services, L.P. and LVNV Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2015, a copy of the foregoing was sent by first class mail to the following:

Aaron David Radbil, Esq.
Greenwald Davidson PLLC
5550 Glades Road
Suite 500
Boca Raton, Florida 33431
Telephone:     (561) 826-5477
Facsimile:     (561) 961-5684
Email:         aradbil@mgjdlaw.com

Derek W. Edwards (TN BPR No. 021455)
Todd R. Hambidge (TN BPR No. 028671)
(admitted *pro hac vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Telephone:     (615) 244-6380
Facsimile:     (615) 244-6804
Email:         derek.edwards@wallerlaw.com
               todd.hambidge@wallerlaw.com

*Attorneys for Defendants Resurgent Capital*
*Services, L.P. and LVNV Funding, LLC*