Exhibit "K"



Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219-8966 ·

615.244.6380 main
615.244.6804 fax
wallerlaw.com

Derek W. Edwards
615.850.8192 direct
derek.edwards@wallerlaw.com

April 14, 2015

Aaron D. Radbil, Esq.
Greenwald Davidson Radbil, PLLC
106 East Sixth Street
Suite 913
Austin, Texas 78701

RE:   *Bryan Jallo v. Resurgent Capital Services, L.P. and LVNV Funding, LLC,* United
States District Court for the Eastern District of Texas, Sherman Division, Civil
Action No. 4:14-cv-00449

Dear Mr. Radbil:

Pursuant to Rules 30 and 32 of the Federal Rules of Civil Procedure, Defendant
Resurgent Capital Services, L.P. ("Resurgent") asserts the following General Objections
("General Objections") to the Notice of Rule 30(b)(6) Deposition to Resurgent (the "Notice")
served by Plaintiff Bryan Jallo on April 3, 2015, and the subject matter of the Notice
(collectively, the "Topics"), each of which are hereby incorporated by reference into Resurgent's
responses to each individual Topic below. From time to time, and for the purpose of emphasis,
Resurgent (referred to in the Notice as "Defendant") may restate one or more of the General
Objections as specific objections to individual Topics, including during a deposition or
depositions. Such restatement or any failure to restate should not be taken as a waiver of any
General Objection.

1.      Resurgent objects to the Topics on the grounds that the categories are overly
broad, vague, ambiguous, unduly burdensome, harassing, and/or seek information that is
not relevant to any claim or defense.

2.      Resurgent objects to the Topics on the grounds and to the extent that the
categories expressly call for information subject to the attorney-client privilege, the
attorney work product doctrine, or other privileges or immunities.

3.      Resurgent objects to the Topics on the grounds that the categories do not
describe with reasonable particularity the matters on which examination is requested
pursuant to Federal Rule of Civil Procedure 30(b)(6).

4.      Resurgent objects to the Topics on the grounds that the categories seek
information and communications subsequent to the filing of the Complaint in this
action. Testimony by any designated representative of Resurgent shall be limited to
information and communications prior to the filing of the Complaint in this action on
July 8, 2014.

**waller**

Aaron D. Radbil, Esq.
April 14, 2015
Page 2

     5.     Resurgent objects to the Topics on the same bases to which it has objected to Plaintiff's Interrogatories and Document Requests.  Many of the Topics are identical to Plaintiff's Interrogatories and Document Requests and Resurgent incorporates its objections to those as if set forth fully herein.

     Resurgent further objects to the Topics on the grounds set forth below, which Resurgent reserves the right to amend with additional specific objections.

| | | Topic | Objections |
|---|---|---|---|
| **I.** | | **Defendant's communications with Plaintiff and third parties** | |
| | A. | The factual allegations set forth in Plaintiff's complaint | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Resurgent further objects to this Topic to the extent that it includes allegations for which Resurgent has stated in its Amended Answer that it lacks knowledge and information sufficient to form a belief so as to respond.  Because this Topic is a sub-topic of "Defendant's communications with Plaintiff and third parties," Resurgent understands this Topic to be limited to factual allegations regarding Resurgent's communications with Plaintiff and third parties.  Because the Complaint only contains allegations regarding communications with Plaintiff, this Topic is further limited to communications between Resurgent and Plaintiff identified in the Complaint. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding responses sent to Plaintiff, dated July 9, 2013, and July 24, 2013. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 3

| | Topic | Objections |
|---|---|---|
| B. | The identity of, employment history for, and responsibilities of, each of Defendant's employees that participated in any way in Defendant's efforts to collect the subject debt from Plaintiff, or communicate with Plaintiff regarding the subject debt. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that, Resurgent did not collect or attempt to collect a debt from Plaintiff. Resurgent further objects to this Topic as overly broad, unduly burdensome, protected by privacy, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding the identity of employees that made responses to Plaintiff, dated July 9, 2013, and July 24, 2013, as well as Resurgent's Better Business Bureau communications involving Plaintiff's account number ending in 1812. |
| C. | The date of, time of, substance of, parties to, purpose of, and method of, all communications or contacts, or attempted communications or contacts, between Defendant and Plaintiff, in connection with Defendant's efforts to collect the subject debt from Plaintiff, or communicate with Plaintiff regarding the subject debt. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding responses sent to Plaintiff, dated July 9, 2013, and July 24, 2013, as well as Resurgent's Better Business Bureau communications involving Plaintiff's account number ending in 1812. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 4

| | Topic | Objections |
|---|---|---|
| D. | All documents and account records that Defendant maintains, or maintained, relating to the subject debt that it attempted to collect from Plaintiff, or about which it attempted to communicate with Plaintiff. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Resurgent further objects to this Topic as vague and ambiguous because it refers to documents and account records as a sub-topic of "Defendant's communications with Plaintiff and third parties." Resurgent understands this Topic, therefore, to reference only those documents and account records regarding "communications with Plaintiff and third parties." Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding records it has for Plaintiff's account number ending in 1812. |
| E. | Systems, schemes, techniques, practices, procedures, or methods that Defendant maintains, operates, or employs, or maintained, operated, or employed, to record, memorialize, or otherwise document communications or contacts, or attempted communications or contacts, between Defendant and Plaintiff, in connection with Defendant's efforts to collect the subject debt from Plaintiff, or communicate with Plaintiff regarding the subject debt. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding how Resurgent maintained records it has for Plaintiff's account number ending in 1812. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 5

| | | Topic | Objections |
|---|---|---|---|
| | F. | Defendant's investigation(s) of its records regarding efforts to collect the subject debt from Plaintiff, or to communicate with Plaintiff regarding the subject debt, including the technologies employed in conducting the investigation, the dates of the investigation(s), the identities of the individuals involved in the investigation(s), the reports created as a result of the investigation(s), and the data compiled as a result of the investigation(s). | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Because this Topic is a sub-topic of "Defendant's communications with Plaintiff and third parties," Resurgent understands this Topic to be limited to factual allegations regarding Resurgent's communications with Plaintiff and third parties only.  Because the Complaint only contains allegations regarding communications with Plaintiff, this Topic is further limited. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding responses sent to Plaintiff's letters, dated June 19, 2013, and July 12, 2013, as well as Resurgent's Better Business Bureau communications involving Plaintiff's account number ending in 1812. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 6

| | Topic | Objections |
|---|---|---|
| G. | Communications, or attempted communications, between Defendant and Plaintiff, and between Defendant and any third party (including, but not limited to, HSBC Bank USA, N.A., HSBC Bank Nevada, N.A., HSBC Private Label Acquisition Corporation, LVNV Funding LLC, Equifax, Experian, TransUnion, e-OSCAR, the Consumer Financial Protection Bureau, and the Better Business Bureau), regarding the subject debt that Defendant attempted to collect from Plaintiff, or about which it attempted to communicate with Plaintiff. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding responses sent to Plaintiff, dated July 9, 2013, and July 24, 2013, Resurgent's Better Business Bureau communications involving Plaintiff's account number ending in 1812, Resurgent's reports to credit reporting agencies, and any communication between Resurgent and HSBC Bank USA, N.A., HSBC Bank Nevada, N.A., HSBC Private Label Acquisition Corporation, Equifax, Experian, TransUnion, the Consumer Financial Protection Bureau, and the Better Business Bureau involving Plaintiff's account number ending in 1812. |
| II. | **The agreement between HSBC Bank Nevada, N.A. and Plaintiff for his HSBC Bank Nevada, N.A. account number ending in 1812** | |
| A. | The interest rate provided for in the agreement between HSBC Bank Nevada, N.A. and Plaintiff for his HSBC Bank Nevada, N.A. account number ending in 1812. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects that agreements between HSBC Bank Nevada, N.A. and Plaintiff speak for themselves.  Plaintiff seeks testimony about this Topic from HSBC Bank Nevada, N.A. or other third parties. |
| B. | Account statements that HSBC Bank Nevada, N.A. issued to Plaintiff for his HSBC Bank Nevada, N.A. account number ending in 1812. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects that this Topic requests testimony regarding account statements that Resurgent did not issue, which speak for themselves, and about which Plaintiff seeks testimony from HSBC Bank Nevada, N.A. or other third parties. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 7

| Topic | | Objections |
|---|---|---|
| C. | HSBC Bank Nevada, N.A.'s charge-off of Plaintiff's HSBC Bank Nevada, N.A. account number ending in 1812. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects that this Topic requests testimony regarding conduct that was not Resurgent's, and about which Plaintiff seeks testimony from HSBC Bank Nevada, N.A. or other third parties. |
| D. | The amount of money owed by Plaintiff in connection with his HSBC Bank Nevada, N.A. account number ending in 1812, for each day that HSBC Bank Nevada, N.A. owned it. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it requests information regarding the amount Plaintiff owed on Plaintiff's account number ending in 1812 "for each day that HSBC Bank Nevada, N.A. owned it" and, therefore, is not properly addressed to Resurgent.  Indeed, Plaintiff seeks testimony about this Topic from HSBC Bank Nevada, N.A. or other third parties. Resurgent further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding the amount of money owed on Plaintiff's account number ending in 1812 when it was transferred to LVNV. |
| E. | Whether interest would continue to accrue on money owed by Plaintiff in connection with his HSBC Bank Nevada, N.A. account number ending in 1812, after the date that HSBC Bank Nevada, N.A. charged it off. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks a legal conclusion outside of the scope of Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding interest that may have accrued on Plaintiff's account number ending in 1812, after it was transferred to LVNV. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 8

| | Topic | Objections |
|---|---|---|
| F. | Agreements and communications, that reflect, refer, or relate, to HSBC Bank Nevada, N.A.'s (or HSBC Private Label Acquisition Corporation's) sale and/or assignment of Plaintiff's HSBC Bank Nevada, N.A. account number ending in 1812. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because HSBC Bank Nevada, N.A. (or HSBC Private Label Acquisition Corporation) did not sell or assign Plaintiff's account number ending in 1812 to Resurgent.  Indeed, Plaintiff seeks testimony about this Topic from HSBC Bank Nevada, N.A. or other third parties. |
| G. | HSBC Bank Nevada, N.A.'s definition or characterization of the term "charge-off." | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it requests information regarding HSBC Bank Nevada, N.A.'s "definition or characterization," and, therefore, is not properly addressed to Resurgent. |
| H. | HSBC Bank Nevada, N.A.'s normal business practice with respect to charging off customer balances/accounts (including (a) the point at which HSBC Bank Nevada, N.A. charges off balances/accounts, and its methodology related thereto, (b) the reason that HSBC Bank Nevada, N.A. charges off balances/accounts, and its methodology related thereto, (c) the process by which HSBC Bank Nevada, N.A. charges off customer balances/accounts, and it methodology related thereto, (d) what HSBC Bank Nevada, N.A. does with charged-off balances/accounts, and its methodology related thereto, (e) the manner in which HSBC Bank Nevada, N.A. treats charged off customer balances/accounts as a loss, and its methodology related thereto, and (f) HSBC Bank Nevada, N.A.'s. tax-related treatment of charged off customer balances/accounts, and it methodology related thereto). | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it requests information regarding HSBC Bank Nevada, N.A.'s business practices and, therefore, is not properly addressed to Resurgent.  Indeed, Plaintiff seeks testimony about this Topic from HSBC Bank Nevada, N.A. or other third parties. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 9

| | | Topic | Objections |
|---|---|---|---|
| | I. | HSBC Bank Nevada, N.A. sale of Plaintiff's HSBC Bank Nevada, N.A. account number ending in 1812. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because HSBC Bank Nevada, N.A. did not sell or assign Plaintiff's account number ending in 1812 to Resurgent.  Indeed, Plaintiff seeks testimony about this Topic from HSBC Bank Nevada, N.A. or other third parties. |
| | J. | HSBC Bank Nevada, N.A.'s communications with (1) Resurgent Capital Services, LP, (2) LVNV Funding LLC, (3) Experian, (4) TransUnion, (5) Equifax, (6) the Consumer Financial Protection Bureau, or (7) the Better Business Bureau, regarding Plaintiff's HSBC Bank Nevada, N.A. account number ending in 1812. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it requests information regarding HSBC Bank Nevada, N.A.'s communications with third parties other than Resurgent and, therefore, is not properly addressed to Resurgent.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's communications with HSBC Bank Nevada, N.A. involving Plaintiff's account number ending in 1812. |
| III. | | **Defendant's FDCPA compliance policies and procedures** | |
| | A. | Any training that Defendant provides to its employees regarding the Fair Debt Collection Practices Act ("FDCPA"). | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's training regarding the FDCPA.  Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 10

| | | Topic | Objections |
|---|---|---|---|
| | B. | Defendant's compliance practices and procedures relating to the FDCPA, including policies, practices, and procedures that Defendant uses, or has used, to avoid violations of Sections 1692e(2)(a), 1692e(5), 1692e(8), 1692e(10), 1692f(a), 1692g(a)(1), and 1692g(b). | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's training regarding the FDCPA.  Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |
| | C. | Defendant's compliance practices and procedures relating to the Tex. Fin. Code, including, policies, practices, and procedures that Defendant uses, or has used, to avoid violations of Tex. Fin. Code § 392.20. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's training regarding the FDCPA.  Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 11

| | | Topic | Objections |
|---|---|---|---|
| | D. | Policies, practices, procedures, instructions, or directives governing the content of the communications that Defendant sends to consumers. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic because it is too vague to identify a designated representative. |
| | E. | Technological and administrative or operational resources, including guides, handbooks, manuals, or policy documents, that Defendant's employees use in connection with Defendant's efforts to collect consumer debts, or communicate with individuals regarding consumer debts. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's training regarding the FDCPA.  Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 12

| Topic | Objections |
|---|---|
| F. Defendant's document destruction or retention policy or practice, and any change in any such policy or practice since the filing of this lawsuit. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that it is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  No claims in this case are based upon document retention or destruction. Further, there are not any claims or motions in this action asserting that Resurgent has not properly maintained its computers or files.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable about its document retention policy.  Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |
| G. Policies and procedures that Defendant contends supports [sic] any of its defenses to Plaintiff's claims. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's training regarding the FDCPA.  Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 13

| | | Topic | Objections |
|---|---|---|---|
| | H. | The methods, manners, policies, and procedures that Defendant uses, and used, to calculate interest relating to the subject debt that it attempted to collect from Plaintiff, or about which it attempted to communicate with Plaintiff. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding the interest on Plaintiff's account number ending in 1812. Any testimony on this Topic shall be designated "Confidential" pursuant to the protective order in this action. |
| | I. | The methods, manners, policies, and procedures that Defendant uses, and used, to calculate interest relating to consumer debts that it attempts to collect from individuals, or about which it attempts to communicate with individuals. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic because it seeks privileged communications. Resurgent further objects to this Topic as seeking confidential and proprietary information.  Resurgent further objects to this Topic on the grounds that, contrary to the allegations in the Complaint, Resurgent did not collect or attempt to collect a debt from Plaintiff.  Resurgent further objects to this Topic because it is too vague to identify a designated representative. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 14

| IV. | **Telecommunications software, hardware and equipment** | |
|---|---|---|
| | A. Software, hardware, and equipment that Defendant uses, or used, in any manner, in connection with its efforts to collect the subject debt from Plaintiff, and in connection with its efforts to collect alleged debts from consumers, or communicate with individuals regarding alleged consumer debts. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Resurgent further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding computers and proprietary software used in connection with responding to individuals regarding their accounts. |
| | B. Types of data processing and data storage devices that Defendant uses, or used, in any manner, in connection with its efforts to collect the subject debt from Plaintiff, or communicate with Plaintiff regarding the subject debt, and in connection with its efforts to collect alleged debts from consumers, or communicate with individuals regarding consumer debts, including, but not limited to, server hardware and operating systems, workstation hardware and operating systems, and notebook/laptop operating systems. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Resurgent further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding computers and proprietary software used in connection with responding to individuals regarding their accounts. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 15

| | | | |
|---|---|---|---|
| | C. | Defendant's employees, contractors, vendors, or other personnel, responsible for the management, operation, maintenance, archiving, backing-up, and upgrading of, Defendant's computer information technology infrastructure. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  No claims in this case are based upon management of computers or the personnel involved with computer maintenance.  Further, there are not any claims or motions in this action asserting that Resurgent has not properly maintained its computers or files. |
| | D. | Manners in which Defendant's computer systems are, and were, backed up, including, but not limited to, the identity of the backup software used, the content backed up, the frequency of any backup, whether the backup process is or was automated, the type of backup media used, the media rotation cycle, and logs or indexes of backup tapes and media. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  There are not any claims or motions in this action asserting that Resurgent has not properly maintained its computers or files. |

**waller**

Aaron D. Radbil, Esq.
April 14, 2015
Page 16

| V. | Information regarding potential members of the classes that Plaintiff seeks to represent | |
|---|---|---|
| | A.  The number of persons that fall within each class definition found at paragraph 34 of Plaintiff's July 8, 2014 class action complaint. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff and, therefore, the proposed classes of persons defined in paragraph 34 of the Complaint which include persons from whom Resurgent purportedly collected and/or attempted to collect debts is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, as stated in Resurgent's answer to Interrogatory No. 8, Resurgent does not maintain records sufficient to provide information on this Topic.  Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed classes of persons. |
| | B.  The number of persons located in Texas from whom Defendant attempted to collect a debt, or with whom Defendant attempted to communicate about a debt, from July 8, 2013 through July 8, 2014—the total amount of which debt included interest added to the balance that the original creditor charged off. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff and, therefore, the proposed class of persons, which includes persons from whom Resurgent purportedly collected and/or attempted to collect debts is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, Resurgent does not maintain records sufficient to provide information on this Topic.  Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 17

| | | | |
|---|---|---|---|
| | C. | The number of persons located in Texas from whom Defendant attempted to collect a debt, or with whom Defendant attempted to communicate about a debt, from July 8, 2013 through July 8, 2014—the total amount of which debt included interest added to the debt for a period of time during which a previous creditor did not add interest to the debt. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff and, therefore, the proposed class of, which includes persons from whom Resurgent purportedly collected and/or attempted to collect debts is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, Resurgent does not maintain records sufficient to provide information on this Topic. Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons. |
| | D. | The number of persons located in Texas from whom Defendant attempted to collect a debt, or with whom Defendant attempted to communicate about a debt, from July 8, 2013 through July 8, 2014—the total amount of which debt included interest added to the debt for a period of time that a previous debt collector did not attempt to collect interest on the debt. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff and, therefore, the proposed class of, which includes persons from whom Resurgent purportedly collected and/or attempted to collect debts is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, Resurgent does not maintain records sufficient to provide information on this Topic. Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons. |

Waller Lansden Dortch & Davis, LLP

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 18

| | | |
|---|---|---|
| E. | The number of persons located in Texas whose alleged debt Defendant reported to a credit reporting bureau, from July 8, 2013 through July 8, 2014. | Resurgent incorporates the General Objections above as if set forth fully herein. Further, Resurgent objects to this Topic on the grounds that it is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Reporting accounts to a credit reporting bureau is not a violation of the FDCPA, or, for that matter, collection activity governed by the FDCPA. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding the number of Texas residents whose account Resurgent reported to a credit reporting bureau between July 8, 2003 and July 8, 2014. Any testimony on this Topic shall be "Confidential" pursuant to the protective order in this action. |
| F. | The number of persons located in Texas to whom Defendant sent an initial communication relating to a debt, from July 8, 2013 through July 8, 2014, that failed to state (a) whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (b) the effective date as of which an amount would suffice to pay off the subject debt in full, or (c) the date as of which any unpaid accrued interest was calculated, or (d) the applicable interest rate. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff and, therefore, the proposed class of, which includes persons from whom Resurgent purportedly collected and/or attempted to collect debts is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, Resurgent does not maintain records sufficient to provide information on this Topic. Resurgent's records are not organized in a manner that permits Resurgent to determine whether any accounts are within the proposed class of persons. |

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 19

| | | | |
|---|---|---|---|
| | E. | [Sic]  Systems, schemes, techniques, practices, procedures, or methods that Defendant maintains, operates, or employs, or maintained, operated, or employed, to record, memorialize, or otherwise document communications or contacts, or attempted communications or contacts, between Defendant and consumers, in connection with Defendant's efforts to collect alleged debts from them, or communicate with them regarding alleged debts.[1] | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic on the grounds that Resurgent did not collect or attempt to collect a debt from Plaintiff. Resurgent further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  There are not any claims or motions in this action asserting that Resurgent has not properly maintained its computers or files. |
| VI. | | **Defendant's answer, initial disclosures, and answers and responses to written discovery requests** | |
| | A. | The identity, position and responsibilities of all individuals who assisted in answering and responding to Plaintiff's written discovery requests. | Resurgent incorporates the General Objections above as if set forth fully herein. Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding who assisted in answering and responding to Plaintiff's written discovery requests. |
| | B. | The authenticity, nature, substance, and completeness of all documents produced in connection with Defendant's initial disclosures and answers and responses to written discovery, and the manner in which these documents were maintained in the course of Defendant's business. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as overly broad and unduly burdensome.  Resurgent further objects that this Topic requests testimony regarding documents that Resurgent did not create, which speak for themselves, and about which Plaintiff seeks testimony from HSBC Bank Nevada, N.A. or other third parties.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who may testify regarding documents Resurgent produced, limited to the knowledge that Resurgent has of those documents. |

---

[1] Plaintiff mis-numbered this Topic.

4813-6173-8531.2

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 20

| | | | |
|---|---|---|---|
| | C. | The basis for Defendant's factual allegations, admissions, and denials in its answer to Plaintiff's complaint. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding the factual bases for Resurgent's Amended Answer to Plaintiff's Complaint. |
| | D. | The factual basis for Defendant's affirmative defenses. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent further objects to this Topic to the extent it attempts to limit Resurgent's affirmative defenses to those identified in its Amended Answer.  As stated in Resurgent's Amended Answer, Resurgent's investigation of the allegations in the Complaint is ongoing and Resurgent (and LVNV) reserved the right to amend their affirmative defenses.  Resurgent objects to this Topic as overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding the factual bases for Resurgent's affirmative defenses. |
| | E. | Defendant's Rule 26 Initial Disclosures and any supplemental disclosures, together with all documents produced by Defendant | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as overly broad and unduly burdensome.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who may testify regarding documents Resurgent produced, limited to the knowledge that Resurgent has of those documents. |

4813-6173-8531.2

waller

Aaron D. Radbil, Esq.
April 14, 2015
Page 21

| | | | |
|---|---|---|---|
| | F. | Topics addressed in Plaintiff's interrogatories, requests for production, and requests for admissions, and Defendant's answers and responses to Plaintiff's interrogatories, requests for production, and requests for admissions. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Resurgent further objects to this Topic because it does not describe with reasonable particularity the matters on which examination is requested pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Resurgent further objects to this Topic on the same bases to which it has objected to Plaintiff's Interrogatories and Document Requests.  Subject to and without waiving the foregoing objections, Resurgent will make a designated representative available who is knowledgeable regarding Resurgent's answers to Plaintiff's Interrogatories and Document Requests. Plaintiff did not serve requests for admissions.  To the extent this Topic includes documents produced by Resurgent in discovery, Resurgent will, subject to the foregoing objections,  make a designated representative available who may testify regarding documents Resurgent produced, limited to the knowledge that Resurgent has of those documents. |
| **VII.** | **Corporate information** | | |
| | A. | The managerial, directorial, administrative and/or clerical structure of Defendant's organization. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The "managerial, directorial, administrative and/or clerical structure" of Resurgent has no relevance or bearing on this action. |

**waller**

Aaron D. Radbil, Esq.
April 14, 2015
Page 22

| | | | |
|---|---|---|---|
| | B. | Defendant's net worth. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as premature and not reasonably calculated to lead to the discovery of admissible evidence unless and until Plaintiff's action is certified as a class action.  At this time, Plaintiff has not moved for class certification, let alone had a class certified. |
| | C. | Defendant's indemnity obligations or the obligations of any person or entity to indemnify Defendant in connection with Plaintiff's claims against it. | Resurgent incorporates the General Objections above as if set forth fully herein. Resurgent objects to this Topic as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Indemnification is not at issue in this case and has no bearing on the rights of the parties or Plaintiff's claims. |

We are available to discuss these objections at your convenience.

Resurgent's designates Meghan Emmerich as its representative to testify concerning the Topics to the extent they are <u>not</u> objectionable.  Ms. Emmerich is <u>not</u> available on April 24, 2015.  Please provide dates in May that we may check against Ms. Emmerich's calendar.

Sincerely,

Derek W. Edwards

DWE/nle

cc:   Todd Hambidge

Waller Lansden Dortch & Davis, LLP